By the Court.—Curtis, J.
The admission in the answer of the making and endorsing by defendants of a note, like that set forth ” in the complaint, unaccompanied with anything tending to show that it was a distinct note from that described in the complaint, and on which the action is bought, must be held to refer to the note sued upon.
The answer does not put in issue plaintiff’s claim to be the lawful holder of the note, but states facts showing that the plaintiff is the holder of the note, as collateral security for a loan.
The plaintiff is the holder of a negotiable promissory note endorsed by the payees. It is not alleged in the answer that he received it, with notice that it was delivered to Dobbs for any specific purpose, or of any equities between the parties, or as security for an antecedent debt. On the contrary, the answer states that the note was delivered to the plaintiff as security for money loaned by the plaintiff to Dobbs, the then holder of the note. The answer discloses facts showing that the plaintiff is a holder of the note for value, and does not question his good faith in becoming such holder. Ho burden is cast on the plaintiff to show that he is a tona fide holder.
In the Bank of New York v. Vanderhorst (32 N, *306 Y. 553), affirming 1 Robt. 211, it is held. that, taking a note as collateral security under such circumstances constitutes a holder for value. The principle, that when commercial paper is received as security for an advance made upon it at the time, without notice of any defects of title, the law merchant protects the transferee against all latent equities, whether of third persons or parties to the instrument, is recognized in Weaver v. Barden (49 N. Y. 294, 295), and in Muller v. Pondir (55 N. Y. 332).
The plaintiff thus holding the note as a pledge, the law confers on him the power to receive the whole money from the makers of the note, and to sue for its collection. The money when so received is simply held by him as a substitute for the note, and subject to all the terms and conditions affecting it (Garlick v. James, 12 John. 146).
In Wheeler v. Newbould (16 N. Y. 392), the decision of this court, that the pledgee of commercial paper; in the absence of any special powers, was bound to hold and collect it, and apply the money to the payment of the loan, and return the balance, if any, was affirmed.
The allegation of the answer, to the effect that there are other parties claiming title to the note, or to the proceeds, are of no force. The law affords the defendants a proper remedy for their protection in such a contingency, which they have not thought fit to resort to, and the proceeds of the note are to be reached through the plaintiff.
The exceptions should be overruled, and judgment ordered for the plaintiff upon the verdict, with costs.
Monell, Ch. J., and Speir, J., concurred.