### ROSENBERG v. HUBBELL.

(Supreme Court, Appellate Division, Second Department. November 21, 1902.)

1. NOTES—ACCOMMODATION PAPER—EVIDENCE—SUFFICIENCY.
    Evidence examined, and *held* to justify a finding that the note sued on by plaintiff as indorsee was not accommodation paper.
2. SAME—SECURITY FOR DEBT—EVIDENCE—SUFFICIENCY.
    Evidence examined, and *held* to show that the note in suit was taken by plaintiff before maturity as collateral for all rents due or to become due by the payee, and not merely for two months' rent.
    Jenks and Woodward, JJ., dissenting.

Appeal from municipal court of New York.

Action by Charles Rosenberg against Marvin D. Hubbell. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

C. F. Goddard, for appellant.

Arthur Furber, for respondent.

HIRSCHBERG, J. This action is brought on a promissory note made by the defendant, and dated November 25, 1901, by which he promised, for value received, to pay $500 to the order of Abraham Sheer, 30 days after date. It is undisputed that this note was duly transferred to the plaintiff by the payee before maturity. The payee was the plaintiff's tenant of certain premises in New York City, and was in default in the payment of his rent at the time of the transfer, and the questions litigated at the trial chiefly relate to the extent to which the plaintiff is entitled to resort to the note in the discharge of the payee's indebtedness. It is claimed by the defendant that the note was an accommodation note, but there is sufficient evidence in

the case to justify a contrary conclusion. The plaintiff testifies that when Sheer offered him the note he told him it had been given because of the defendant's indebtedness to him; that it was for money which the defendant owed him; and, while this is denied by Sheer, the denial is with this qualification, viz., that "he [the plaintiff] only asked me if the party was reliable, and I said he was to find out." Sheer admitted, however, that the plaintiff had threatened him with immediate dispossession proceedings unless the overdue rent was paid, and that he then told the plaintiff of the note; saying, "I told him that I had a note on which I was trying to get some money, and, if I got the money, I would pay him." He does not claim, however, to have ever told the plaintiff that the note was an accommodation one. Moreover, before taking the note, the plaintiff wrote to the defendant under date of December 5, 1901, stating that Sheer had offered him the note "in payment," and asking, "Will you kindly advise me if it is a valid note issued by you?" To this inquiry the defendant replied on December 7, 1901, as follows: "Your letter of the 5th inst. is before me making inquiry as to a note of $500. I gave Mr. A. Sheer, of 51 East 9th street, this city, a note under date of November 25th, 1901, for said amount, and the same is due 30 days from date thereof. Your letter would have been answered at once on delivery, but I did not receive it at once, being away." In view of the manifest purpose of the plaintiff in making this precautionary inquiry of the defendant before taking the note in question, the latter's reply to the inquiry, with no hint or suggestion that the note was merely given for the payee's accommodation, and should be, therefore, regarded as "valid" only to that extent, may well be regarded as substantially a representation to the effect that the note was not accommodation paper. One additional circumstance tends in the same direction. It appears that the plaintiff brought a prior action upon the note, claiming that the sum of $205 for rent was then due. Sheer testified upon this trial that at the time the plaintiff told him that he would sue for the entire $500, but would give to him (Sheer) whatever was recovered over and above the unpaid rent; but Sheer did not assert that he in any way refused or objected to this offer, or that he even then informed the plaintiff that the note had only been given for his accommodation, and that he was accordingly not entitled to collect and receive any part of the proceeds. The offer on the plaintiff's part to refund the surplus is only what the law would require of him, and Sheer's failure to then assert the accommodation nature of the paper casts some doubt upon the good faith of that claim.

One other question may be considered, although it is of little, if any, importance, if the note be not an accommodation one. The defendant claims that the note was transferred as security for but two months' rent, amounting to $90, and that, if the plaintiff acquired any right in the note beyond that amount, it was after the note was dishonored. There is no evidence from which any inference can be drawn that the arrangement by which the note was held for the entire rent was made after the maturity of the note. It is true that on the same day on which the plaintiff received the defendant's written assurance that the note was in all respects valid, viz., on December 7,

1901, he wrote to Sheer that he had received the note as security for the November and December rent, amounting to $90, and promising, when the note was paid, that he would refund the difference between that amount and the face of the note; but in this letter the plaintiff took occasion to remind Sheer that his rent was due and payable on the 1st of each month in advance, and must be paid promptly; adding, "I shall not permit it to remain unpaid after it is due, but shall insist on prompt payment." The plaintiff testified that Sheer then called on him, and the arrangement was made that the note should be kept for future rent as well as for the two months referred to. This is not contradicted by Sheer. He does, indeed, say that when he was threatened with the dispossession proceedings he was asked to pay only the rent which was due, and not that which was to become due; but he nowhere asserts that there was any oral understanding that the note should be transferred for the two-months rent only, or that it was not agreed immediately after the acceptance of the note by the plaintiff that it should be held for all the rent which might accrue under the lease. Under the circumstances the plaintiff was clearly entitled to recover the amount of the note from the maker. Moody v. Andrews, 7 Jones & S. 302, affirmed 64 N. Y. 641, and authorities cited.

The judgment should be affirmed.

Judgment of the municipal court affirmed, with costs. All concur, except JENKS and WOODWARD, JJ., who dissent.

JENKS, J. I dissent. The opinion of the learned trial court shows that it did not pass upon testimony which was material. Sheer, the payee of the note, testified that he gave the note to the plaintiff as security for debt. A letter from the plaintiff to Sheer was read in evidence, wherein the plaintiff acknowledged the receipt of the note "as security for the rent you owe for November and December, when said note is paid to refund you the difference between the rent for the two months, viz., $90, leaving it four hundred and two dollars." It appeared that in a prior action against the defendant on the same note the plaintiff, in pleading, stated to the court that his cause of action was on collateral; also saying: "It is on a note for $500. I took it as security. There is a balance of $205. I have the figures here." Sheer testified that the plaintiff told him that he would sue for $500, and that he would give him the rest of what he would collect. I fail to find any contradiction of any of this testimony.

So far the plaintiff might answer that, even though he were but pledgee of the note, yet he could sue the defendant, as maker, for all of the money. Moody v. Andrews, 7 Jones & S. 302, affirmed 64 N. Y. 641, and authorities cited. But beyond this, Sheer and the defendant testified that the note was made only for Sheer's accommodation, and there is nothing in the record in contradiction. If the note was made but for the accommodation of Sheer, and then was pledged by Sheer with the plaintiff as security, then the rule stated in Bank v. Bell, 125 N. Y. 38, 42, 25 N. E. 1070, would apply, and the plaintiff "could not enforce it against the accommodation maker for any amount beyond that for which it was pledged, nor for a debt

for which it was not pledged." "In respect to any excess" he stands in the shoes of Sheer, "who clearly could not enforce payment." The rule is also well stated in 4 Am. & Eng. Enc. Law (2d Ed.) p. 347:

"The pledgee of negotiable paper is, unless it is subject to equitable defenses, entitled to recover the full face value thereof, without regard to the amount of the debt. secured, holding the surplus as a trustee; but when there is no other person entitled to receive the surplus the pledgee can recover only the amount of the debt secured."

The judgment should be reversed, and a new trial ordered; costs to abide the event.